Filed 9/6/22  P. v. Quincy CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079018 |
| v. | (Super.Ct.No. INF1401247) |
| KEVIN JAMES QUINCY, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Otis Sterling III, Judge.

Affirmed.

Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Defendant and Appellant.

1

## INTRODUCTION

Pursuant to a plea agreement, defendant and appellant Kevin James Quincy pled guilty to four counts of attempted premeditated murder (Pen. Code,[1] §§ 664, 187, counts 1-4), discharging a firearm at an inhabited house and an occupied vehicle (§ 246, count 6), and discharging a firearm at an occupied vehicle (§ 246, count 7). As to count 1, he admitted the allegations that he personally discharged a firearm and caused great bodily injury (GBI). (§§ 12022.53, subd. (b) & 1192.7, subd. (c)(8).) As to counts 6 and 7, he admitted the allegation that he personally used a firearm. (§§ 667 & 1192.7, subd. (c)(8).) A trial court sentenced defendant to state prison for the agreed-upon term of 19 years.

Defendant filed a timely notice of appeal "based on the sentence or other matters occurring after the plea that do not affect the validity of the plea." We affirm.

## PROCEDURAL BACKGROUND

On October 1, 2014, defendant was charged by information with four counts of attempted premeditated murder (§§ 664, 187, counts 1-4), discharging a firearm from a vehicle (§ 26100, subd. (c), count 5), discharging a firearm at an inhabited house and an occupied vehicle (§ 246, count 6), discharging a firearm at an occupied vehicle (§ 246, count 7), and unlawful possession of a firearm (§ 29800, subd. (a)(1), counts 8-9). The information further alleged as to count 1 that defendant personally inflicted GBI (§§ 12022.7, subd. (a) & 1192.7, subd. (c)(8)) and personally discharged a firearm and

---

[1] All further statutory references will be to the Penal Code unless otherwise noted.

caused GBI (§ 12022.53, subd. (d) & 1192.7, subd. (c)(8)). As to counts 2 through 4, it alleged that defendant personally discharged a firearm (§ 12022.53, subd. (c) &1192.7, subd. (c)(8)). As to counts 5 through 7, the information alleged that defendant personally used a firearm. (§§ 667 & 1192.7, subd. (c)(8).) It was further alleged that he served one prior prison term. (§ 667.5, subd. (b).)

On April 28, 2022, the information was orally amended to strike the premeditation allegations as to the attempted murder charges in counts 1 through 4, and to change the firearm enhancement in count 1 from section 12022.53, subdivision (d), to section 12022.53, subdivision (b). Then, pursuant to a plea agreement, defendant pled guilty to counts 1 through 4, 6, and 7. He also admitted the firearm enhancements in count 1 (§ 12022.53, subd. (b)) and counts 6 and 7 (§§ 667 & 1192.7, subd. (c)(8)). The remaining counts and allegations were dismissed. The court found a factual basis for the plea. It then sentenced defendant to the upper term of nine years on count 1, plus a consecutive 10 years on the firearm enhancement. The court imposed concurrent terms on the remaining counts and allegations.

DISCUSSION

Defendant appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and one potential arguable issue: whether the court sentenced him in accordance with his plea bargain. Counsel has also requested that this court undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, which he has not done.

We have now concluded our independent review of the record, and we have found no arguable issues.

<u>DISPOSITION</u>

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____
J.

We concur:

CODRINGTON _____
Acting P. J.

RAPHAEL _____
J.

4